Marvin P. McCLAIN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 79 Civ. 2438 (IBC).

United States District Court, S. D. New York.

Sept. 28, 1979.

Marvin P. McClain, pro se.

Robert B. Fiske, Jr., U. S. Atty., Southern District of New York, New York City, for respondent; Steven M. Schatz, Asst. U. S. Atty., New York City, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

In this *pro se* petition under 28 U.S.C. § 2255, we are confronted with the issue of the retroactivity of important changes in the law of prosecuting and sentencing persons who commit armed bank robbery. In *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), the United States Supreme Court held that a defendant may not be sentenced under both 18 U.S.C. § 2113(d)[1] (armed bank robbery) and 18 U.S.C. § 924(c)[2] (use of a firearm to commit a felony). In *Grimes v. United States*, 607 F.2d 6, No. 79-2007 (2d Cir. Sept. 6, 1979), the Court of Appeals for the Second Circuit held that a court may not enter separate judgments of conviction for persons convicted of violating 18 U.S.C.

1. 18 U.S.C. § 2113(d) provides:

   Whoever, *in committing, or in attempting to commit,* any offense defined in subsections (a) and (b) of this section [the anti-bank robbery subsections], assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. 18 U.S.C. § 924(c) provides, in pertinent part:
   (c) Whoever—
      (1) *uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or*

   (2) *carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,* shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years . . . ., *nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.* [emphasis supplied].

§ 2113(a) [3] and § 2113(d), nor may the Government prosecute a person under 18 U.S.C. § 924(c) where the underlying felony, armed bank robbery, is prosecutable under 18 U.S.C. § 2113(d).

On December 3, 1975, several years prior to *Simpson* and *Grimes*, we sentenced petitioner to 15 years imprisonment under § 2113(d) and 10 years imprisonment under § 924(c) for a total of 25 years imprisonment. The sentence was structured in this manner in accordance with the express mandate of § 924(c) which requires that a sentence imposed thereunder is to run consecutively with the sentence on the underlying felony, here § 2113(d). Petitioner's sentence and his convictions under 18 U.S.C. §§ 2113(a), 2113(d), and 924(c) are proper under the law as it stood prior to *Simpson* and *Grimes*. For the reasons assigned below, we decline to apply either *Simpson* or *Grimes* [4] retrospectively to the instant application.

### Facts

On June 23, 1975, petitioner Marvin P. McClain, Mildred Skeete and Leroy McClain robbed a branch of the Chase Manhattan Bank in New York City. During the robbery, petitioner shot and wounded a bank guard who became a quadraplegic and subsequently died. Petitioner and Skeete were apprehended shortly thereafter and indicted on October 3, 1975. [5] On October 14, 1975, petitioner pleaded guilty to the three counts of the indictment in which he was named. [6] He was sentenced on December 3, 1975 to a total of twenty-five years imprisonment.

Count 1 of the indictment charged petitioner and co-bank robbers with committing a bank robbery in violation of 18 U.S.C. § 2113(a). This count carried a maximum penalty of 20 years imprisonment and a $5,000 fine. Count 2 charged petitioner and his co-defendants with violating 18 U.S.C. § 2113(d), a subsection which provides for enhancement of the penalty to a maximum penalty of 25 years and a $10,000 fine where a defendant assaults a person or "puts in jeopardy the life of any person by the use of a dangerous weapon or device" during the course of the robbery. Count 3 charged petitioner, alone, with violating 18 U.S.C. § 924(c)(1) which provides for a penalty of not less than 1 year and no more than 10 years imprisonment where an accused uses a firearm in the commission of a federal felony. Under § 924(c), the penalty is mandated to run consecutively with the sentence on the underlying felony. As required by *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), Counts 1 and 2 were merged for the purposes of sentencing. Thus, at the time petitioner pleaded guilty, he faced a maximum

3.  Section 2113(a) provides:
    (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or
    Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

4.  Petitioner's application raises only the issue of the validity of his sentence under § 924(c) as

construed by *Simpson*. *Grimes* was decided on September 6, 1979, after briefing on McClain's petition was completed. *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), requires a court faced with a change in law during the pendency of an action "to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 710–11, 94 S.Ct. at 2016. As *Grimes* significantly alters the law of prosecuting and sentencing bank robbers, we feel compelled to address the issue of its retrospective effect as well.

5.  Leroy McClain was captured several months later, after petitioner and Skeete were sentenced.

6.  Skeete pleaded guilty to Count 1 of the indictment and received a sentence of six years imprisonment.

penalty of 35 years imprisonment and a $10,000 fine.

We were fully cognizant of the possible 35 year sentence that petitioner faced and so stated at the time of the plea:

THE COURT: All right. I told your lawyer that I would not sentence you to the maximum of 35 years, that I would not exceed 25 years unless I saw good reason.

Over and above what was revealed to me up to this moment, if I should decide on the basis of reading a report about you from the Probation Department that the amount of sentence should exceed 25 years, I will allow you to withdraw your plea of guilty and send you to trial before another judge. Do you get it?

DEFENDANT McCLAIN: Yes, sir.

Transcript, October 14, 1975, p. 37, lines 3–12.

In deciding the appropriate sentence to impose, we inquired extensively into McClain's background and placed on the record the following statement:

THE COURT: . . . I will be glad to tell you the factors and the only factors that I am considering with regard to the defendant as a human being, aside from the act with which we must deal. You know he pled guilty to each of three counts.

DEFENDANT'S LAWYER: Yes, your Honour.

THE COURT: He is thirty-four. You know his prior criminal record. He was even a delinquent child. He got kicked around when he was growing up, and like a lot of children without the benefit of guidance he got himself into drugs and was held to account.

On one occasion he resisted arrest and struck a New York City Police Officer about the eye, causing his injury which required hospital treatment. He violated parole twice. His school record is miserable.

Scholarship, behaviour, attendance poor; low I.Q. Addicted to heroin and cocaine. At the time of his arrest addicted to valium. $200 daily habit.

He enrolled in numerous drug rehabilitation programs, all to no avail. There is no record of employment. He has sustained himself by what we call street activities. Apparently of an illegitimate nature. And frankly he has shown no remorse. There is hardly a thing that I can pick up out of the record, and out of the wreckage of this man's life so far that he himself has created, that I can hold onto.

I think one of the biggest things to give him credit for is the fact that he followed his lawyer's advice and pled guilty, and for that I intend to give him substantial credit. That is the only thing I can grab hold of.

And so, those are the factors . . . that are before us. . . .

Transcript, December 3, 1975, p. 3, line 3–p. 4, line 11.

We then imposed the following sentence, "The Court, with regard to counts 1 and 2 which are merged, imposes fifteen years. On count 3, ten years. They are to run consecutively so that the Court fully intends by this sentence to impose twenty-five years as the period of confinement." *Id.*, p. 13, lines 11–15.

After considerable reflection, it was our purpose to impose a sentence of 25 years. In accordance with proper practice at that time, we imposed a single general sentence on the merged counts and a consecutive term of 10 years under § 924(c). We could have, just as easily, sentenced petitioner to the maximum 25 years under § 2113(d), and without enlargement thereon, disposed of the other two counts. Certainly, the imperative element in the sentencing process is the substantive nature of the sentence meted out, not the form in which the sentence is imposed. *Simpson* and *Grimes* change the law in respect to the sections under which a bank robber may be prosecuted and, if convicted, sentenced. They do not in any way affect the 25 year sentence permissible under § 2113(d). We now turn to an examination of these cases.

### Simpson and Grimes

In *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), petitioners were convicted by two separate juries for two separate bank robberies and were sentenced to the maximum penalties allowable under 18 U.S.C. §§ 2113(d) and 924(c) in each case with the sentences running consecutively to each other. Thus, petitioners each faced imprisonment of 70 years. *Id.* at 9, 98 S.Ct. 909. The United States Supreme Court overturned the convictions, and stated that the test to determine whether a single act or transaction may result in imposition of cumulative punishment based on violation of two entirely different statutory provisions is " 'whether each provision requires proof of a fact which the other does not.' " *Id.* at 11, 98 S.Ct. at 912, quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 40, 76 L.Ed. 520 (1932).

Mr. Justice Brennan, writing for the Court,[7] rested his decision on non-constitutional grounds. He conducted an in depth examination of the question whether Congress intended to authorize cumulative punishment for violations of 18 U.S.C. §§ 2113(d) and 924(c). The Justice concluded that the legislative history of § 924(c) makes it clear that if the penalty for the underlying offense is already enhanced because a dangerous weapon is involved (as § 2113(d) enhances the penalty of § 2113(a) by five years), the purposes of § 924(c) are thereby achieved. 435 U.S. at 13–14, 98 S.Ct. 909. After articulating the established principles that " 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity,' " *id.* at 14, 98 S.Ct. at 914, quoting *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), and that the terms of a specific statute control over the terms of a later enacted general one, 435 U.S. at 15, 98 S.Ct. 909, the Court held that cumulative punishment may not be imposed on a person guilty of violating both §§ 2113(d) and 924(c).

*Grimes v. United States*, 607 F.2d 6, No. 79–2007 (2d Cir. September 6, 1979) takes *Simpson* one step further. For each of two bank robberies, Grimes was found guilty of violating §§ 2113(a), 2113(d) and 924(c)(1). His appeal to the Second Circuit Court of Appeals from the District Court's denial of his petition under 28 U.S.C. § 2255[8] raised two legal issues: (1) whether it is proper for a defendant to be convicted of violating both §§ 2113(a) and 2113(d) for a single bank robbery and (2) whether a person may be prosecuted under both §§ 2113(d) and 924(c). The Circuit Court ruled in the negative on both issues, solely on non-constitutional grounds.

With respect to the first issue, the court noted that under *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), district courts were forbidden from imposing multiple sentences when a defendant is convicted of violating both § 2113(a) and § 2113(d). The practice had arisen of using a "single general sentence" to cover both convictions with the result that cumulative punishment was avoided but that a person stood convicted of two crimes. Based on the legislative history and case law construing the two subsections, the court concluded that the offense delineated in § 2113(a) merges into the language of § 2113(d). Subsections (a) and (d) differ in the severity of punishment for bank robbery according to "the nature of the accompanying aggravating circumstances," 607 F.2d at 13, citing *O'Clair v. United States*, 470 F.2d 1199, 1202 (1st Cir. 1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973), but only one judgment of conviction may be entered for each bank robbery. 607 F.2d at 15.

As to the relationship between § 2113(d) and § 924(c), the *Grimes* court was persuaded by the *Simpson* court's analysis of the legislative history of § 924(c) that § 924(c) was " 'intended to be *unavailable* in prosecutions for violations of § 2113(d)' " (emphasis in original). 607 F.2d at 16, cit-

---

7. Mr. Justice Rehnquist was the lone dissenter.

8. The procedural history of *Grimes* is discussed *infra* at p. 17 note 10.

ing *Simpson v. United States*, 435 U.S. at 15, 98 S.Ct. 909. Accordingly, the Circuit Court held that a defendant could not be prosecuted under § 924(c) when "the underlying felony, armed bank robbery, is prosecutable under 18 U.S.C. § 2113(d)." 607 F.2d at 17.

In summary, the effect of the *Grimes* holding is to vacate both of Grimes' convictions under §§ 2113(a) and 924(c). We unhesitatingly point out that, assuming *Simpson* and *Grimes* were applicable at the time we imposed sentence on petitioner McClain, we were empowered to translate into tangible, overt action or firm conviction that the sentence should reflect justice to defendant and community alike, to wit, that defendant be committed to prison for a period of twenty-five years; we could have accomplished exactly that by lawfully imposing a total sentence of that length under § 2113(d).

### Retrospective Effect

A federal prisoner seeking to set aside his sentence on the ground that it is illegal has the option of either initiating a collateral proceeding under 28 U.S.C. § 2255 to vacate his conviction in that, *inter alia*, "the sentence was imposed in violation of the Constitution or laws of the United States" or making a motion to correct an illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *Hill v. Unit-*

ed *States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Furthermore, the United States Supreme Court has held that an action brought under 28 U.S.C. § 2255 to challenge the legality of a sentence may be treated by the district court as though it were a Rule 35 motion. *Heflin v. United States*, 358 U.S. 415, 417–18, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Petitioner has asked that we consider his application under 28 U.S.C. § 2255 as a motion pursuant to Rule 35. Petitioner's Response and Traverse to Respondent's Memorandum in Opposition at 4. The Government concedes that this is a proper case for doing so. Government's Memorandum at 8 note.

Notwithstanding the Government's agreement that we could treat petitioner's application as a Rule 35 motion, key distinctions must be drawn between a Rule 35 motion and an application under 28 U.S.C. § 2255. A Rule 35 motion to correct an illegal sentence is made in the original case and "presupposes a valid conviction and affords procedure for bringing an improper sentence into conformity with the law." 2 Wright, Fed.Prac. & Proc: Crim. § 582 at 552. A proceeding under § 2255 is a collateral attack on the validity of the underlying conviction, made after the opportunity for appeal has passed.[9] See *Grimes*, 607 F.2d at 9–10. Petitioner's application is properly treated under 28 U.S.C.

9. Arguably, petitioner's challenge to the validity of his sentence under *Simpson* could be treated in either manner. The United States Supreme Court, however, has held that a court is to treat a change in law differently when a case is on direct review and when a judgment is collaterally attacked. *Bradley v. Richmond School Board, supra*. On direct review, a court is to apply the law in effect at the time it renders its decision, *id.* 416 U.S. at 710–11, 94 S.Ct. 2006; in a collateral attack, the court must analyze the new rule in light of its prior history, purpose and effect, and decide whether retrospective application of the new rule would further or retard its effect. *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Even if the retroactive application of *Simpson* was the sole issue before us, we would apply the more restrictive test for collateral attacks because, unlike *Bradley*, petitioner's case had proceeded to final judgment, the sentence. *Berman v. United States*, 302 U.S.

211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937) (holding that a sentence in a criminal case is a final judgment). See *United States v. Cates*, Nos. 74–99, 74–165, 74–217, 72–111 and 74–99 (D.Ore. July 9, 1979) (five defendants raised the *Simpson* retroactivity problem, two by Rule 35 motions and the remainder by 28 U.S.C. § 2255 proceedings, and the court elected to treat all five collectively under § 2255). In *United States v. Morgan*, 252 F.Supp. 332 (N.D.Miss. 1966) the district court applied the criteria announced in *Linkletter v. Walker, supra*, to a Rule 35 motion seeking to set aside a sentence in view of a change in law, stating that whether the attack is direct or collateral is immaterial where "the judgment which includes the sentence . . . attacked had become final and the issue presented by the motion was not pending either before this court or the court of appeals when the change in law occurred." 252 F.Supp. at 334.

§ 2255 because the judgment in his case is final, and because, if successful, his convictions under § 924(c) and § 2113(a) would be vacated.

We now turn to the question whether the grounds asserted for vacating petitioner's convictions may be considered by us in a § 2255 petition. In addressing petitioner's challenge to his sentence under *Simpson,* the Government argues that he has waived his right to raise the issue because: (1) he failed to contest the legality of his sentence at any time previously, either before us or on direct appeal; and (2) the issue resolved in *Simpson* is not one of constitutional dimension but rather of statutory construction, i. e., "whether Congress intended to permit multiple punishments for violations of 18 U.S.C. § 2113(d) and § 924(c)," Government's Memorandum in Opposition at 14 and note.

■■ We find no waiver by petitioner. Section 2255 is intended to apply to constitutional challenges to the validity of a sentence. Contrary to the Government's position, we conclude that petitioner's claim rises to constitutional dimensions because, were we to hold that *Simpson* and *Grimes* apply retroactively to this case, it would appear that petitioner has been convicted twice and sentenced twice for the same crime in violation of his rights under the Double Jeopardy Clause of the Fifth Amendment. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Grimes,* 607 F.2d at 11. In disposing of the Government's contention that

Grimes had waived his right to raise the sentencing issue,[10] the *Grimes* court stated:

"this Court has viewed it as especially important that § 2255 'not be allowed to do service for an appeal.' [citation omitted]. Nevertheless, a prisoner whose claim is based on 'a significant denial of a constitutional right' or 'an error of significant constitutional dimension' may invoke the protections embodied in § 2255 'even though he could have raised the point on appeal and there was no sufficient reason for not doing so.' [citations omitted]."

607 F.2d at 10. We hold that the issue of the validity of petitioner's convictions under § 2113(a) and § 2113(d) and the sentence and conviction under § 924(c) are validly before us.

We now address ourselves to the standard to be used in determining the retroactivity of *Simpson* and *Grimes.* Section 2255 provides for a collateral attack on a judgment. In a collateral attack there is no "principle of absolute retroactive invalidity." *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 374, 60 S.Ct. 317, 84 L.Ed. 329 (1940). In *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the United States Supreme Court set out the analysis to use in assessing the effect of a change of law on a collateral attack:

Once the premise is accepted that we are neither required to apply, nor prohibited from applying, a decision retrospectively, we must then weigh the merits

10. The waiver issue arose in *Grimes* in the following manner: Grimes was convicted for his role in two bank robberies and received no sentence on the two bank robbery counts, 12 years on the two armed bank robbery counts and 5 years on both § 924(c)(1) counts, all terms running concurrently. Grimes appealed (the basis thereof does not appear in the opinion). The Second Circuit dismissed holding no non-frivolous issues had been raised. 607 F.2d at 7. He then filed a 28 U.S.C. § 2255 petition raising the issue, *inter alia,* that his two convictions under § 2113(a) and § 2113(d) were unlawful. District Judge Weinfeld denied the petition, 444 F.Supp. 78 (S.D.N.Y.1977); Grimes appealed to the circuit court adding to the appeal the issue that multiple sentences for

simultaneous convictions under § 924(c)(1) and § 2113(d) were impermissible. As no sentence had been imposed on the two convictions under § 2113(a) and because *Simpson* was decided during the pendency of the appeal, the panel remanded for resentencing. District Judge Weinfeld then suspended the imposition of sentence on the two counts under § 924(c)(1) and imposed a "single general sentence" of 12 years for each of the two convictions under § 2113(a) and § 2113(d), to run concurrently. Grimes appealed from this sentence. *Grimes,* 607 F.2d at 7–8. The circuit court was faced with the waiver issue because Grimes did not challenge the legality of his sentences on direct appeal; he did so in his collateral attack. *Id.* at 10.

and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.

*Id.* at 629, 85 S.Ct. at 1738.

There is no discussion by the court in *Simpson* or *Grimes* as to the retroactive applicability of the principles newly enunciated in those cases. Instead, we must endeavor to apply the criteria set forth in *Linkletter* relating to the propriety of retroactive application to (1) the change in law relating to sentencing and conviction under § 924(c) when a violation of § 2113(d) is charged and (2) the change in law relating to the merging of § 2113(a) into § 2113(d).

*Sentencing and conviction under § 924(c)*

1. *Prior history.* At the time of petitioner's sentencing, the relationship between §§ 2113(d) and 924(c) had not been clearly established. The first two circuits to confront the problem found that they were not duplicitous. *Perkins v. United States,* 526 F.2d 688 (5th Cir. January 28, 1979); *United States v. Crew,* 538 F.2d 575 (4th Cir. April 8, 1976), *cert. denied,* 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976). In *United States v. Eagle,* 539 F.2d 1166 (8th Cir. July 30, 1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977), a circuit court held for the first time that a court could not sentence a defendant under both sections. Certiorari was granted in *Simpson* to resolve the conflict in the circuits. 425 U.S. at 9, 98 S.Ct. 909. *Grimes* relies extensively on *Simpson's* analysis of the legislative history of § 924(c) and the principles of statutory construction applied by the Supreme Court in arriving at its holding that the Government may not prosecute a defendant under § 924(c) when the offense is prosecutable under § 2113(d).

2. *Purpose and effect of the rule.* The combined holding of *Simpson* and *Grimes* is that a person will neither receive multiple punishments for a single transaction of bank robbery, *Simpson,* 435 U.S. at 12, 98 S.Ct. 909, nor be prosecuted under § 924(c) in an armed bank robbery case, *Grimes,* 607 F.2d at 16.

3. *Will retrospective operation of the rule further or retard its operation?* Except in those cases where a constitutional doctrine is announced which overcomes "an aspect of the criminal trial that *substantially* impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials," *Hankerson v. North Carolina,* 432 U.S. 233, 243, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306 (1977) (emphasis in original), quoting *Ivan V. v. City of New York,* 407 U.S. 203, 204, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972), the Supreme Court has declined to give retroactive effect to constitutional changes in the criminal law. *See, e. g., Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973) (holding that the Court's earlier decision in *North Carolina v. Pearce, supra,* requiring a judge retrying a defendant to give credit for time served as a result of a conviction at the first trial, was not retroactive); *Linkletter v. Walker, supra,* (holding that the exclusionary rule announced in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), was not retroactive). *Simpson* and *Grimes,* however, were decided on nonconstitutional grounds.

*Grimes* establishes a firm rule to guide future prosecutorial action. Retrospective application would punish the Government for proceeding in a manner which had been lawful since the enactment of § 924(c) as part of the Gun Control Act of 1968, *Grimes,* 607 F.2d at 15. We see nothing in the rule announced in *Grimes* which compels us to apply it retroactively.

*The Oregon case*

Petitioner calls our attention to the recent decision in *United States v. Cates,* Nos. 74–99, 74–165, 74–217, 72–111 and 74–99 (D.Ore. July 9, 1979), where, in a joint opinion by three district judges, the court vacated those portions of the sentences imposed on five bank robbers which were based on § 924(c) and left untouched the sentences imposed under § 2113(d). The judges noted that the issue of retroactive application of *Simpson* posed a "serious

question" but felt they were compelled to apply *Simpson* retroactively because a rule of the Court of Appeals for the Ninth Circuit mandates that " 'the application of doctrines limiting the retroactivity of judicial decisions is restricted to appellate courts.' " Slip op. at 5, quoting *Kessler v. Associates Financial Services, Inc.*, 573 F.2d 577, 579 (9th Cir. 1977). The Second Circuit Court of Appeals has, by implication, rejected *Kessler's* view of retroactivity. See *United States v. Kaylor*, 491 F.2d 1133, 1138–39 (2d Cir. 1974). District courts in this circuit have, in fact, decided questions of retroactivity. *See, e. g., Jackson v. Fogg*, 465 F.Supp. 177 (S.D.N.Y.), aff'd, 589 F.2d 108 (2d Cir. 1978).

### Merger of § 2113(a) into § 2113(d)

1. *Prior history.* In *Prince v. United States, supra*, the Supreme Court held that a person convicted of violating §§ 2113(a) and 2113(d) for a single bank robbery could only receive one sentence for the two convictions. To accommodate this decision and because "some kind of sentence must be imposed so that an appeal may be made from a final judgment" the Second Circuit, prior to *Grimes*, approved the practice of permitting the imposition of a "single general sentence" to cover both convictions. *Grimes*, 607 F.2d at 12, notes 3 & 4. In fact, the view expressed in *Grimes*, for the first time with respect to merger of the two subsections, was expressly rejected by the Second Circuit as recently as 1978. *United States v. McAvoy*, 574 F.2d 718, 722 (2d Cir. 1978).

2. *Purpose and effect of the rule.* The rule requiring merger of these two sections is designed to ensure that a defendant receives only one conviction and one sentence for a single transaction of bank robbery. It does not affect prosecutorial strategy, since the Government may either indict a person under both sections or, if it indicts solely under § 2113(d) it is entitled to a lesser included offense charge under § 2113(a). *Grimes*, 607 F.2d at 15 n. 8.

3. *Will retrospective operation of the rule further or retard its operation?* No question is raised about the accuracy of petitioner's past convictions under both sections. As already mentioned, the issue was decided by the Second Circuit on non-constitutional grounds. The sentence we imposed on the merged counts was proper under *Prince*. Accordingly, we decline to give this portion of the holding in *Grimes* retroactive effect. See *United States v. Morgan*, 252 F.Supp. 332 (N.D.Miss.1966) (holding that a Fifth Circuit decision requiring that defendants be sentenced on a count-by-count basis would not apply retroactively to defendants receiving a general sentence).

### Conclusion

█ We have had occasion to comment on the complexities and dilemmas of sentencing. *United States v. Unterman*, 422 F.Supp. 228 (1976). The record of the proceedings had herein, see pp. 734–735 *supra*, recites the basis for our determination that a sentence of 25 years was the proper one for petitioner. "The Constitution does not require that a sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947).

Under the law in effect on December 3, 1975, we were required to impose a single general sentence on the counts under § 2113(a) and § 2113(d). At that time, the law mandated that any sentence (up to 10 years imprisonment) meted out under § 924(c) run consecutively with the sentence on the underlying felony. Accordingly, our decision to sentence petitioner in the manner in which we did was lawful under the law as it then stood.

Since we find neither *Simpson* nor *Grimes* has retroactive effect in the instant case, we deny the petition in all respects.

SO ORDERED.