**Marvin McCLAIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 757, Docket 81–1438.**

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1982.

Decided April 14, 1982.

---

Phylis Skloot Bamberger, The Legal Aid Society Federal Defender Services Unit, New York City, for appellant.

Benito Romano, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., S. D. N. Y., Mark F. Pomerantz, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before OAKES, TIMBERS and WINTER, Circuit Judges.

OAKES, Circuit Judge:

In October 1975 appellant McClain pleaded guilty to bank robbery, 18 U.S.C. § 2113(a) and (d), and to using a firearm during the commission of a felony, 18 U.S.C. § 924(c). Judge Irving Ben Cooper of the United States District Court for the Southern District of New York sentenced appellant to a "package" of twenty-five years: fifteen years on the bank robbery counts, which were merged for sentencing, and ten years on the firearm count which, under the express terms of section 924(c), had to be served consecutively to the fifteen-year sentence. McClain did not appeal, and began serving his sentence.

Subsequently, however, in light of *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979),

which held that a defendant may not be sentenced under both sections 2113(d) and 924(c), McClain filed a petition under 28 U.S.C. § 2255 seeking to vacate his section 924(c) sentence. The district court denied this petition, holding that *Simpson* and *Grimes* should not be applied retroactively. *McClain v. United States*, 478 F.Supp. 732 (S.D.N.Y.1979). On appeal this court reversed, *McClain v. United States*, 643 F.2d 911 (2d Cir.), *cert. denied*, 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424 (1981). But instead of vacating only the improper section 924(c) sentence, the court vacated the entire sentence—*i.e.*, on both section 2113(d) and section 924(c) counts. The cause was remanded for resentencing. The court of appeals also instructed the district court that if, on remand, it decided to impose a longer sentence under section 2113(d) than the fifteen years it had previously imposed on that count, it should consider whether this would violate the Double Jeopardy Clause. The district court then sentenced appellant under section 2113(d) to twenty years, and McClain appeals.

McClain challenges the power of this court to vacate the entire sentence. He also argues that the resentencing resulted in a violation of the Double Jeopardy clause and of due process.

■ In the previous appeal this court explicitly held that "we may vacate appellant's entire sentence under the general supervisory powers granted us by 28 U.S.C. § 2106." *McClain v. United States*, 643 F.2d at 914. This decision is therefore the "law of the case." The law of the case doctrine is discretionary in the Second Circuit, and the court sometimes may review an earlier ruling, *see Jhirad v. Ferrandina*, 536 F.2d 478, 483 (2d Cir.), *cert. denied*, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); *United States v. Fernandez*, 506 F.2d 1200, 1203–04 (2d Cir. 1974). Nevertheless, because there is a strong policy favoring finality the court exercises its underlying power to review earlier rulings "sparingly," *id.* at 1204.

In this case there is no reason to disturb the earlier ruling. Appellant introduced no new evidence. The cases relied on in the prior ruling support the view that the court could, in exercising its supervisory powers under 28 U.S.C. § 2106, vacate the unchallenged portion of the sentence as well as the challenged part. *See, e.g., Johnson v. United States*, 619 F.2d 366, 368–69 (5th Cir. 1980); *United States v. Moore*, 540 F.2d 1088, 1091 (D.C.Cir.1976). Moreover, the only new development bearing on the court's authority under 28 U.S.C. § 2106 to vacate the entire sentence is a decision in the Third Circuit that fully supports the ruling of the earlier panel. *United States v. Busic*, 639 F.2d 940, 947 & n.10 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). For these reasons appellant's challenge to the court's power to vacate the entire sentence is without merit.

■ Appellant's argument that Judge Cooper's imposition of a higher sentence on the section 2113(d) count on resentencing violates the Double Jeopardy Clause presents a more difficult issue. The rule in this and other circuits has been that "increasing a sentence after the defendant has commenced to serve it is a violation of the constitutional guaranty against double jeopardy." *United States v. Sacco*, 367 F.2d 368, 369 (2d Cir. 1966); *see Miller v. United States*, 147 F.2d 372 (2d Cir. 1945). The question is whether and to what extent the Supreme Court's decision in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), has eroded that rule.

*DiFrancesco* upheld a statute giving the Government the right to appeal certain sentencing decisions. In analyzing the case, the Court inquired whether imposition of a sentence less than the maximum is analogous to an acquittal on all higher sentences. In concluding that it is not, the Court noted "the established practice in the federal courts that the sentencing judge may recall the defendant and increase his sentence, at least (and we venture no comment as to this limitation) so long as he has not yet begun to serve that sentence." 449 U.S. at 134, 101 S.Ct. at 435–36. The *DiFrancesco* Court also relied on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23

L.Ed.2d 656 (1969), which held that a defendant who successfully appeals, and is retried and reconvicted, may be resentenced to a longer term as long as the longer sentence is not in retaliation for the defendant's appeal and the trial court sets out in the record its reasons for the harsher sentence.

The precise issue in the present case is thus still open under the authorities, although it is arguable that the earlier panel's ruling vacating the section 2113(d) sentence was an implicit holding that the sentence was not final. *DiFrancesco* at the very least held that changing a sentence that is not final does not violate the Double Jeopardy Clause.

■ Here the defendant had already begun serving his term, and the resentencing did not follow, as in *Pearce*, an appeal by him of the section 2113(d) count and retrial on it. The Third Circuit in *United States v. Busic*, however, in considering the issue before us in light of *DiFrancesco*, concluded that the Double Jeopardy Clause does not prohibit, on resentencing after an appeal by a defendant of a sentence on one count and vacatur of the entire sentence, imposition of a higher sentence on the remaining count.

We agree with the Third Circuit that the principles set forth in *DiFrancesco* apply and mandate rejection of the double-jeopardy claim. Appellant is not being retried for bank robbery; he has already been convicted. Furthermore, this is not a case of the Government seeking to resentence a defendant after failing to get as great a sentence as it hoped. Appellant, not the Government, challenged the section 924(c) sentence. Additionally, *DiFrancesco* teaches that appellant had no legitimate expectation of receiving only a fifteen-year sentence, because of the lack of finality accorded to sentences and because he should have been aware that under section 2113(d) he could have been sentenced to twenty-five years. "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *DiFrancesco*, 449 U.S. at 137, 101 S.Ct. at 437.

We emphasize, however, that this is a situation in which the sentencing judge could not achieve the "package" he believed most appropriate through the use of concurrent sentences. Consecutive sentences were mandatory in this case under section 924(c) and the sentences were truly interdependent. Therefore, what we have said above in no way is addressed to a situation involving concurrent or non-interlocking sentences. Where the sentencing judge could have insured against invalidation of a longer term by imposing a higher sentence for the other offense, vacatur of the shorter term might well be inappropriate under 28 U.S.C. § 2106, and imposition of a higher term on resentencing would pose a more difficult double-jeopardy problem than does this case.

Appellant's due process claim is of lesser import. In resentencing appellant the court considered his implication in five incidents while he was serving time in the federal penitentiary in Atlanta: three for fighting, one for producing alcohol, and one for disruptive behavior. Appellant claims that these incidents were minimal in contrast to the dangerous and exceptionally violent nature of that prison and that he had not started any of the fights. In no instance was appellant subjected to any serious sanction. Appellant also claims that the judge relied upon an unsigned, unsupported document that described him as having little regard for human life.

■■ In deciding what sentence to impose, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). *See* 18 U.S.C. § 3577 (1976). In addition, "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." *Tucker*, 404 U.S. at 447, 92 S.Ct. at 591. A sentence will be vacated, however, if it is "founded at least in part upon misinformation of constitutional magnitude." *Id. Accord, United States v. Robin*, 545 F.2d 775, 779 (2d Cir. 1976). *But see id.* at 782 (Timbers,

J., dissenting) ("Sentence review is none of our appellate business").

There was a great deal of evidence from which Judge Cooper could decide that appellant deserved a twenty-year sentence. Judge Cooper thoroughly examined and discussed appellant's life in crime, of which the incidents in the prison were but a small part, and his apparent lack of remorse about the bank robbery. Judge Cooper need not have concluded that appellant had turned over a new leaf—especially because he *was* involved in fights and other activities in the prison. Appellant may well have been better-behaved than many or most at the prison, as he alleges, but that does not invalidate Judge Cooper's overall determination that he was of a dangerous disposition.

A reading of the court's lengthy discussion of appellant's character leads to the conclusion that Judge Cooper did not abuse his discretion or err in his sentencing. He properly identified the unsigned report as such, and there is no evidence that he gave it undue consideration. He gave appellant credit for his favorable prison work record by not imposing the maximum penalty under section 2113(d). The judge did not commit constitutional error by failing to give credit to appellant's claims that he was not the aggressor in any of the fights in prison.

Judgment affirmed.