**UNITED STATES of America, Appellee,**

v.

**Julio DIAZ, Appellant.**

**No. 144, Docket 87–1107.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 27, 1987.

Decided Dec. 2, 1987.

William Lupo, Brooklyn, N.Y. (Norman A. Olch, Joseph P. Grancio, of counsel), for appellant.

Viktor V. Pohorelsky, Asst. U.S. Atty., S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Bruce A. Green, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, and NEWMAN and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Julio Diaz appeals from a judgment of conviction in the United States District Court for the Southern District of New York, Peter K. Leisure, J., entered after remand from this court for resentencing, *United States v. Diaz*, 797 F.2d 99 (2d Cir.1986) (per curiam) (*Diaz II*). Judge Leisure sentenced Diaz to an aggregate period of incarceration of nine years, three years on each of three counts, to be served consecutively. Appellant claims that his sentence is illegal on due process and double jeopardy grounds. For reasons given below, we affirm the judgment of the district court.

The complicated circumstances leading up to this appeal are as follows. In April 1985, after a jury trial in the Southern District before John F. Keenan, J., Diaz was convicted on four counts of a six-count indictment: Count One, conspiracy to distribute heroin and cocaine, 21 U.S.C. § 846; Count Four, possession of cocaine with intent to distribute, 21 U.S.C. § 841; Count Five, use of a firearm during and in relation to crimes of violence, 18 U.S.C. § 924(c); and Count Six, receiving a firearm after being convicted of a felony, 18 U.S.C. § 922(h). In July 1985, Judge Keenan sentenced Diaz to a period of incarceration that totalled nine years. The sentence then imposed consisted of concurrent four-year terms on Counts One, Four and Six, and a mandatory five-year term on Count Five, to be served consecutively to the other counts as required by 18 U.S.C. § 924(c). In addition, Judge Keenan imposed a special three-year parole term.

Diaz thereafter appealed. In *United States v. Diaz*, 778 F.2d 86 (2d Cir.1985) (per curiam) (*Diaz I*), this court reversed appellant's conviction on Count Five, on which he had received the mandatory five-year consecutive sentence. However, we affirmed Diaz's conviction on the remaining three counts, on which appellant had received four-year concurrent sentences, and remanded to the district court for resentencing. We stated:

The maximum sentences provided by statute for the offenses charged in

Counts One, Four and Six are substantially in excess of the sentences imposed. Therefore we are remanding so that the district court will have latitude to increase the sentences on Counts One, Four, and Six if it concludes that such increases are appropriate.

778 F.2d at 88–89. We cited *McClain v. United States*, 676 F.2d 915 (2d Cir.), cert. denied, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982) (*McClain II*), as authority for our advice to the district court.

After the remand in *Diaz I*, Judge Keenan again sentenced Diaz to an aggregate term of nine years of imprisonment. On this occasion, however, the sentence consisted of concurrent nine-year terms on Counts One, Four and Six, again followed by a three-year special parole term. Diaz again appealed, arguing that his sentence should be set aside because of due process and double jeopardy considerations and extrajudicial communications by the judge. Without reaching the other claims, this court was persuaded by the last argument. We remanded the case to the district court for reassignment to another district judge for resentencing. At the same time, citing *Diaz I*, we noted our earlier advice "expressly giving the district court 'latitude to increase the sentences on Counts One, Four, and Six if it concludes that such increases are appropriate.'" *Diaz II*, 797 F.2d at 99.

Upon remand, the matter was reassigned to Judge Leisure and, in February 1987, Diaz was resentenced. As had been done twice before, Judge Leisure imposed an aggregate period of nine years of incarceration. This time, however, the sentence consisted of consecutive three-year terms of imprisonment on the remaining three counts, again followed by a three-year term of special parole.

■■■ Diaz now appeals for a third time, arguing again that his resentence violates his right to due process and offends double jeopardy principles. Specifically, appellant claims that his sentence is illegal because in the absence of statutory authority the district court increased the sentence appellant had already started to serve and because the increase was not based on events occurring after the original sentencing. We do not find these arguments persuasive. In *Diaz I*, we expressly gave the district court "latitude to increase the sentences" on the remaining valid counts, citing *McClain II*. In *Diaz II*, in the face of arguments similar to those made now, we nevertheless noted that advice and the prior panel's reliance on *McClain II*. Judge Leisure therefore did precisely what *Diaz I* and *Diaz II* allowed him to do. We believe that at least our prior decision in *Diaz I* establishes the "law of the case" that on remand the sentences on the remaining counts could be revised upwards (presumably no higher than the aggregate of the sentence originally imposed). As we have previously noted:

> The law of the case doctrine is discretionary in the Second Circuit, and the court sometimes may review an earlier ruling, ... Nevertheless, because there is a strong policy favoring finality the court exercises its underlying power to review earlier rulings "sparingly," ... (citations omitted).

*McClain II*, 676 F.2d at 917. We see no persuasive reason to disturb our earlier ruling in *Diaz I*.

Moreover, we would also seem to be bound by precedent because of *McClain II*. In that case, on very similar facts, a district judge had sentenced a defendant in 1975 to an aggregate term of 25 years: 15 years on an armed bank robbery count, 18 U.S.C. § 2113(d), and 10 years for using a firearm during the commission of the robbery, 18 U.S.C. § 924(c), which had to be served consecutively.[1] The defendant then began serving his sentence. Thereafter, in light of later decisions of the Supreme Court and this court holding that a defendant may not be sentenced under both sec-

---

1. Section 924(c) then provided for a consecutive sentence of one to ten years. The section was amended in 1984 in various respects, including fixing the term of the mandatory consecutive sentence at five years. See *United States v. Pisani*, 787 F.2d 71, 73–74 (2d Cir.1986) (on rehearing).

tions 2113(d) and 924(c), this court vacated the entire sentence and remanded for re-sentencing. *McClain v. United States*, 643 F.2d 911 (2d Cir.), cert. denied, 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424 (1981) (*McClain I*). The district court then sentenced McClain under section 2113(d) alone to 20 years. This was a higher sentence than McClain had originally received on that count alone, but less than the aggregate of 25 years previously imposed. McClain again appealed, raising double jeopardy and due process arguments. In *McClain II*, we rejected those claims, pointing out that this was

> a situation in which the sentencing judge could not achieve the "package" he believed most appropriate through the use of concurrent sentences. Consecutive sentences were mandatory in this case under section 924(c) and the sentences were truly interdependent.

676 F.2d at 918. Therefore, we held that the judge could change the sentence on remand to carry out the original intention. The similarity to this case is obvious, and the precedent created in *McClain II* controls.

It is true, as Diaz argues to us now, that in *McClain II*, we expressly noted that in increasing the sentence on the remaining count after remand, the district court had considered the defendant's involvement in five incidents of misconduct in prison after the first sentencing. But we do not regard that observation as establishing that reliance on such post-sentence conduct is a necessary condition for an increase in sentence in the limited context present in that case and in this one. The rationale of *McClain II* was further explained in *United States v. Pisani*, 787 F.2d at 73, as follows:

> The District Judge ... had felt himself bound by section 924(c) to impose a mandatory consecutive sentence to whatever sentence he imposed on the bank robbery count. Apparently wishing to impose an aggregate sentence of twenty-five years, he selected a fifteen-year term for the robbery count and added a ten-year consecutive sentence under section 924(c). Since the judge had most likely given a shorter term on the robbery count than he would have given had he not felt bound to impose a consecutive sentence on the section 924(c) count, he was afforded an opportunity to increase the robbery sentence.

Under that rationale, after the mandatory consecutive sentence had been invalidated in *Diaz I*, Judge Leisure could carry out Judge Keenan's obvious original intent.

Finally, appellant also argues that *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980), supports his claim that in the absence of statutory authority, it was improper for the district court to increase the sentence appellant had already started to serve. But the panel in *McClain II* actually relied upon *DiFrancesco* in holding that the resentence there did not offend the Double Jeopardy Clause. 676 F.2d at 918. In addition, although appellant has not made the point, we have considered whether the recent Supreme Court decision in *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), requires us to repudiate *McClain II* and *Diaz I*, and we conclude that it does not.

The judgment of the district court is affirmed.