Javier REYES, Petitioner,

v.

UNITED STATES of America, Respondent.

96 Civ. 2096 (CSH).

United States District Court, S.D. New York.

Oct. 23, 1996.

---

**6.** There is no claim that the Preliminary fails accurately to disclose all material facts.

Henriette D. Hoffman, The Legal Aid Society, New York City, for Javier Reyes.

Richard C. Daddario, Assistant United States Attorney, U.S. Department of Justice, United States Attorney, Southern District of New York, New York City, for U.S.

### MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

Javier Reyes has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In his petition, Mr. Reyes alleges that he was wrongfully convicted under 18 U.S.C. § 924(c)(1), which provides enhanced penalties for one who uses or carries a firearm during a drug trafficking crime. Given the standards established by the Supreme Court in *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the government concedes that petitioner's conviction under § 924(c)(1) must be vacated. However, if the firearms conviction is vacated, the government requests that the petitioner be resentenced on the remaining count of his conviction, conspiracy to distribute heroin, so that the Court may consider whether a previously precluded offense level enhancement for the possession of a weapon is now appropriate under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). For the reasons stated below, the Court grants the government's request to resentence the petitioner on the remaining count of his conviction.

## BACKGROUND

In 1992, petitioner pled guilty to Count One of the indictment, conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846, and to Count Ten, using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Following his plea, petitioner was sentenced to 121 months imprisonment on the conspiracy count. This sentence was at the low end of the Guideline range contained in a written plea agreement dated June 23, 1992. In addition, the Court imposed the mandatory five year consecutive sentence under § 924(c)(1). The firearm which provided the factual predicate for petitioner's § 924(c)(1) conviction was found in the trunk of his car when he was arrested. In his plea allocution, the petitioner stated that the gun was for his protection in the course of his drug trafficking activities.

Reyes now moves this Court for a writ of habeas corpus alleging that the facts underlying his indictment on the firearm count are no longer sufficient under *Bailey* to support his conviction. In its response to the petitioner's motion, the government concedes that petitioner's conviction under § 924(c)(1) is no longer valid. However, the government argues that the petitioner should now be resentenced on Count One based on an offense level that includes a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a dangerous weapon in connection with a drug trafficking offense.

According to the government, this enhancement was originally precluded due to double-counting principles. Since the government agrees with petitioner that the separate firearms conviction in this case should be vacated, it argues that resentencing on the conspiracy count is now appropriate so that the offense level enhancement which would have been applied in the absence of petitioner's conviction under § 924(c)(1) can now be applied on resentencing. In essence, the government argues that sentences on related counts are interdependent and constitute a total sentencing package. Accordingly, it contends that petitioner's challenge to a portion of that package under 28 U.S.C. § 2255 brings the entire sentence before the Court for reconsideration.

In response, petitioner argues that the Court lacks jurisdiction to resentence on the conspiracy count since the habeas petition currently before the Court does not challenge that conviction. In the alternative, petitioner argues that the government has no evidence to support the proposed enhancement, other than admissions in the petitioner's plea allocution, which petitioner argues should not be considered if the firearms conviction is vacated. Finally, petitioner puts forth several grounds for downward adjustments and departures should the Court decide to entertain the government's resentencing request.

## DISCUSSION

■ As a preliminary matter, I agree with the parties that petitioner's conviction for violating 18 U.S.C. § 924(c)(1) must be vacated. *See Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Supreme Court held that a conviction under 18 U.S.C. § 924(c)(1) could not be sustained without evidence sufficient to show "active employment" of a firearm, including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire a firearm." [1] *Id.* at ——, 116 S.Ct. at 508. However, in his plea allocution the petitioner stated only that he had a weapon available for protection in connection with his drug trafficking activities. He further stated that this firearm was found in the trunk of his car when he was arrested. These facts are clearly insufficient to meet the "active employment" standard articulated in *Bailey*. In fact, the Supreme Court specifically held in *Bailey* that a defendant cannot be convicted under § 924(c)(1) merely for storing a weapon at or near the site of a drug crime. *Id.* at ——, 116 S.Ct. at 508. Accordingly, the petitioner's conviction and sentence under 18 U.S.C. § 924(c)(1) are hereby vacated.

---

1. The *Bailey* decision changed prior Second Circuit law. *Cf. United States v. Meggett*, 875 F.2d 24 (2d Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 166, 107 L.Ed.2d 123 (1989).

The only remaining issue is whether this Court has jurisdiction to resentence petitioner on Count One. Under 18 U.S.C. § 3582(c), the Court can only modify an imposed term of imprisonment pursuant to some statutory authority. Section 2255 provides such authority in giving this Court the power to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. Thus, the real question raised by the parties is whether the words "resentence" and "sentence", as they appear in § 2255, include within their scope the power to correct petitioner's sentence on the related, but unchallenged, conviction under 21 U.S.C. § 846, in addition to his sentence under § 924(c)(1). Based on governing Second Circuit law, I conclude that § 2255 confers jurisdiction upon this Court to correct the petitioner's sentence on the related unchallenged conviction, given the relationship between the two original sentences.

Section 924(c)(1) mandates the imposition of a five year sentence to be served consecutively to any other term of imprisonment imposed. As a result, the Court of Appeals has recognized that a sentence under § 924(c)(1) and a sentence for the underlying substantive offense are "truly interdependent" and create what is, in essence, a sentencing "package." *See McClain v. United States,* 676 F.2d 915, 918 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Diaz,* 834 F.2d 287, 290 (2d Cir.1987), *cert. denied,* 488 U.S. 818, 109 S.Ct. 57, 102 L.Ed.2d 35 (1988) (citing *McClain* ).[2] This conclusion is supported by the treatment accorded § 924(c)(1) under the Guidelines.

Under U.S.S.G. § 2D1.1(b)(1), the base offense level for crimes involving drugs must be increased by two levels if "a dangerous weapon (including a firearm) was possessed." However, to avoid double counting, the Guidelines specifically direct that this enhancement should not be applied when a sentence under § 924(c)(1) is also imposed. U.S.S.G. § 2K2.4, Commentary Background; *see also United States v. Howard,* 998 F.2d 42, 48 (2d Cir.1993). In such a situation, the Guidelines recommend other upward adjustments if necessary to ensure that the "total maximum penalty" is not less than what it would have been in the absence of a conviction under § 924(c)(1). U.S.S.G. § 2K2.4, Application Note 2. As a result, the Guidelines explicitly acknowledge that a conviction under § 924(c)(1) "may affect the offense level for other counts." U.S.S.G. § 3D1.1, Application Note 1.

The clear implication of these Guideline calculations is that the sentence imposed on an underlying offense is necessarily dependent on the existence of a simultaneous conviction under § 924(c)(1). As such, when the two sentences are imposed in conjunction with one another, the result is appropriately described as a sentencing package.[3] Accordingly, I find that § 2255 provides this Court with the jurisdiction to "correct" not only the sentence imposed under § 924, but also the "truly interdependent" sentence imposed as a result of petitioner's conviction under Count One.[4] *See McClain,* 676 F.2d at 918;

---

**2.** Petitioner argues that *McClain* is not instructive on the issue currently before the Court because the decision arose from a different procedural posture. In *McClain,* the defendant filed a § 2255 petition to vacate his conviction under § 924(c). Although the District Court originally denied the petition, the Court of Appeals granted the motion, vacated the entire sentence, including the sentence imposed for the underlying substantive crime, and remanded for resentencing pursuant to its authority under 28 U.S.C. § 2106. Despite the different procedural posture, it is arguable that the Court of Appeals implicitly recognized that the District Court had independent jurisdiction to resentence the defendant on the remaining conviction pursuant to § 2255. In any case, I find *McClain* instructive for its recognition of the interdependent relationship between

a § 924(c)(1) sentence and a sentence for the underlying crime.

**3.** This conclusion is supported by the specific circumstances of petitioner's sentencing. At the sentencing, I stated: "I think that the circumstances ... are sufficient in this case to sentence Mr. Reyes on the lowest end of the guideline range on count one. And that is reinforced in part by the mandatory additional five years. What it comes down to is a total of 15 years." Sent. Tr. at 12.

**4.** To the extent that Judge Kram held otherwise in *Rodriguez v. United States,* 933 F.Supp. 279 (S.D.N.Y.1996), I respectfully disagree. However, I note that several other District Courts have similarly determined that they have jurisdiction

*United States v. Gelb,* 944 F.2d 52 (2d Cir. 1991) (District Court can appropriately increase sentence on unchallenged tax conviction to preserve sentencing intent following successful challenge under § 2255 to erroneous sentence on related count); *Pedretti v. United States,* 1996 WL 340769 (N.D.N.Y. 1996); *cf. United States v. Hernandez,* 85 F.3d 1023, 1032 (2d Cir.1996) (District Court can appropriately consider resentencing remaining counts on remand to determine whether U.S.S.G. § 2D1.1(b)(1) should be applied following vacatur of related § 924(c)(1) conviction). Otherwise, a defendant in this situation would not receive the appropriate sentence under the Guidelines despite his or her possession of a firearm in the course of drug trafficking activities.[5]

With the jurisdictional question resolved in favor of resentencing, two additional issues are presented: first, whether U.S.S.G. § 2D1.1(b)(1) should apply to this case; and second, whether the Court should entertain the petitioner's request for a variety of downward adjustments and departures to offset the effect of the enhancement.

The offense level enhancement provided for in U.S.S.G. § 2D1.1(b)(1) reflects the increased danger of violence when drug traffickers possess weapons. U.S.S.G. § 2D1.1, Application Note 3. According to the Guidelines, the enhancement should be applied if the weapon was present during the offense, "unless it is clearly improbable that the weapon was connected with the offense." *Id.* Petitioner argues that the government should not be permitted to use his plea allocution as support for the enhancement given the vacatur of his firearms conviction. He continues to argue that without the aid of his plea allocution, the government has no other evidence sufficient to show a connection between any firearm and his drug trafficking activities.

■ I conclude that the vacatur of petitioner's § 924(c)(1) conviction has no effect on the government's ability to submit his plea allocution as factual support for the two-level enhancement. Petitioner's plea allocution was not involuntary. It is true that a defendant must understand the law in relation to the facts in order for a guilty plea to be voluntary. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1968). In this case, there is no reason to doubt that the defendant fully understood at the time of his plea allocution that his conduct was prohibited according to the law in the Second Circuit at that time. *See* Plea Tr. at 16–18. The fact that the law subsequently changed to require more significant conduct than the petitioner admitted does not retroactively render his statements inaccurate or involuntary. Since petitioner admitted in his plea allocution that the gun found in the trunk of his car was kept for his protection during drug trafficking activities, I find that there is a sufficient factual basis for the two-level enhancement required by U.S.S.G. § 2D1.1(b)(1).[6]

■ The last issue presented by the parties concerns petitioner's request for a variety of downward adjustments and departures. The government argues that resentencing should be restricted to the application of the enhancement since that is the particular factor implicated by the vacatur of the § 924(c)(1) conviction. In contrast, the petitioner argues that once the Court asserts jurisdiction to resentence on Count One, resentencing should be conducted *de novo.* In fact, petitioner seeks to revisit many issues determined by the plea agreement or at the original sentencing.

---

to resentence on remaining related counts following the vacatur of a § 924(c)(1) conviction. *See, e.g., Mixon v. United States,* 926 F.Supp. 178 (S.D.Ala.1996); *United States v. Acosta,* 1996 WL 445351 (E.D.Pa.1996).

**5.** I note in passing that the Supreme Court in *Bailey* specifically referred to the enhancement at issue in this case as a viable alternative to § 924(c)(1) for charging offenders who possess a dangerous weapon in the course of drug trafficking activities where the facts do not satisfy the Court's standard of "active employment." *Bailey,* —— U.S. at ——, 116 S.Ct. at 509.

**6.** Although the petitioner has not raised a double jeopardy or due process objection to the government's resentencing request, the Second Circuit has rejected such objections under similar circumstances. *McClain,* 676 F.2d at 918; *Diaz,* 834 F.2d at 290.

Specifically, petitioner requests: 1) an additional one level downward adjustment under U.S.S.G. § 3B1.2 for petitioner's mitigating role in the conspiracy charged in Count One; 2) an additional one level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and 3) a two level downward departure based on a variety of factors including the "unfairness" of enhancing petitioner's sentence, the fact that the narcotics tables overstate the seriousness of the crime when the narcotics are distributed over time, the fact that petitioner has already been punished under state law for possession of the gun at issue, and petitioner's exemplary prison record. The government argues that Reyes has waived his right to make these requests. Waiver is said to arise from the June 23, 1992 plea agreement, and Reyes' failure to urge the points on direct appeal.

The government and petitioner cite numerous cases on the question of waiver *vel non,* but none corresponds precisely to the procedural posture of the case at bar, namely, the vacatur of a count of conviction as the result of a Supreme Court decision after a negotiated plea agreement and plea.

I recognize that the Second Circuit enforces plea agreements by construing them as waivers of a convicted defendant's right to make subsequent contentions inconsistent with their terms. *See United States v. Schmick,* 21 F.3d 11, 12 n. 1 (2d Cir.1994) and cases cited. But I do not think that general principle may fairly be applied to the case at bar. When the government and Reyes entered into their plea agreement, they believed that the evidence available to the government made out a violation of 18 U.S.C. § 924(c)(1); and so it did, under the law then prevailing in the Second Circuit. The plea agreement must therefore be regarded as an instrument informed and influenced by that perception of the law. That is particularly so since, as demonstrated *supra,* the counts to which Reyes pleaded were interdependent, so that a sentencing package resulted.

However, in the wake of *Bailey* I have now vacated the § 924(c)(1) count. The package strings have been undone and its wrappings

discarded. I accept the government's position that the Court may resentence Reyes on Count One. Indeed, it is only if Reyes is resentenced on that count that I may grant the government's application for a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). But the fair course to follow in these circumstances is to conduct a resentencing *de novo.* The plea agreement, entered into in contemplation of a substantive law that has since been materially changed, now binds neither party. Each is free to make such sentencing arguments as may be available.

This conclusion is consistent with Second Circuit authority in analogous circumstances. In *United States v. Atehortva,* 69 F.3d 679 (2d Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 2510, 135 L.Ed.2d 199 (1996), defendant was convicted after trial on three counts. The Court of Appeals vacated two of the three counts and remanded to the District Court for sentencing. The District Court made an upward departure on the remaining count, from which defendant appealed. The Second Circuit affirmed: "We find that because the resentencing was based on a different set of circumstances, the court was free to consider grounds for departure it had not contemplated in the first sentencing proceeding. That is, the resentencing proceeding was appropriately treated as a de novo sentencing, for the remand did not specifically limit the scope of resentencing." *Id.* at 685. While *Atehortva* considered only the government's attempt to enhance the sentence, no principled distinction exists between the government's rights in a *de novo* resentencing and those of a defendant.

Similarly, in *United States v. Sanchez Solis,* 882 F.2d 693 (2d Cir.1989), where the Second Circuit remanded the case to the District Court for resentencing under the Guidelines following the Supreme Court's rejection of constitutional challenges to them, the Second Circuit said that "in the interests of truth and fair sentencing a court should be able on a sentence remand to take new matter into account on behalf of either the Government or the defendant." *Id.* at 699.

In the case at bar, I conclude that neither the government nor the defendant has waived any contentions at resentencing, or is

otherwise precluded from asserting them. Each party may make such arguments as seems right. In this opinion, I intimate no view on the merits of any of the contentions set forth in the recent exchanges of letter briefs of counsel.

Accordingly, petitioner's request for a writ of habeas corpus is granted and his conviction and sentence on Count Ten are hereby vacated. The Court will resentence petitioner on Count One. Counsel are directed to appear for resentencing in Room 17C, 500 Pearl Street on November 12, 1996 at 4:30 pm.

SO ORDERED.