917 F.Supp. 681 (1996)
Latham Riley BELL, Movant,
v.
UNITED STATES of America, Respondent.
No. 4:96CV00059 GFG.
United States District Court, E.D. Missouri, Eastern Division.
March 12, 1996.
*682 Latham Riley Bell, Greenville, IL, pro se.
Michael K. Fagan, Asst. U.S. Atty., St. Louis, MO, for U.S.

ORDER
GUNN, District Judge.
This matter is before the Court on Latham Riley Bell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.
Bell filed the instant § 2255 motion on December 27, 1995. Bell is currently incarcerated at the federal prison in Greenville, Illinois. The Court reviewed Bell's motion and ordered the government to respond to it on or before January 22, 1996. The government filed its response on January 17, 1996. The government opposes Bell's motion.
The undisputed facts are as follows. On November 15, 1990 St. Louis City police officers executed a state search warrant at the residence of Bell and his mother. The officers discovered a bag of cocaine and a loaded Mossberg brand shotgun under Bell's bed. On December 20, 1990 Bell pled guilty to one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of using a firearm in violation of 18 U.S.C. § 924(c)(1). On February 21, 1991 this Court sentenced Bell to serve thirty (30) months on the first count and sixty (60) months on the second count. Bell's sixty-month term was ordered to run consecutively to the thirty-month term. To date, Bell has served his sentence on the first count and is incarcerated now on the second for his violation of § 924(c)(1).
Bell raises three grounds for relief in his motion. First, he argues that his conviction *683 under § 924(c)(1) is unconstitutional under the rule announced in the Supreme Court's recent decision Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Second, he argues that his conviction under § 924(c)(1) is unconstitutional under the rule announced in United States v. Lopez, ___ U.S. at ___, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).[1] Third, he argues that his conviction under § 924(c)(1) is unconstitutional because he is actually innocent under Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). For reasons discussed below, the Court will grant Bell's motion.
Section 924(c)(1) punishes criminally a person who "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). In 1990 Bell pled guilty to "using" a shotgun in violation of § 924(c)(1) by "keeping it at a ready state and keeping it present and available with regard to whether or not he would need it involving the distribution of" cocaine. (Tr. of Guilty Plea at 17-18.) In his own words, Bell stated: "I left some cocaine in my bed with a gun." Id. at 19.
At the time of the plea, under Eighth Circuit precedent, the facts to which Bell pled guilty constituted a crime under § 924(c)(1). United States v. Young-Bey, 893 F.2d 178, 181 (1990) (proof that guns were found under a mattress in the same room as five bags of crack cocaine was sufficient to show a violation of § 924(c)(1).) Indeed, until recently, in this Circuit proof that a weapon was "present and available, in the event that it was needed, in the residence in which drugs and cash were located" was sufficient for a § 924(c)(1) conviction. United States v. Felici, 54 F.3d 504, 506 (8th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 251, 133 L.Ed.2d 176 (1995).
On December 6, 1995 the Supreme Court decided Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In Bailey, the Court clarifies how "use" is to be interpreted in the context of § 924(c)(1). The Court describes "use" as connoting the "`active employment' of a firearm" and as including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Bailey, ___ U.S. at ___, 116 S.Ct. at 508. The Court specifically holds that "use" does not include concealing a firearm "nearby to be at the ready for an imminent confrontation." Id. The Court characterizes such action as "storage" and as "not readily distinguishable from possession." Id.
In light of Bailey, it is clear that petitioner Bell did not plead guilty to facts constituting a crime under § 924(c)(1); he did not plead guilty to "using" a firearm within the meaning of the statute. The government, however, contends that because Bell admitted to putting drugs and a gun under his bed, he must have "carried" the gun in connection with a drug trafficking crime and therefore violated § 924(c)(1). The government's position is not persuasive, and the Court will not circumvent the narrow scope of "use" by including under "carry" those situations which the Supreme Court expressly excluded from the purview of § 924(c)(1).
The government also argues that the "new rule" on interpreting § 924(c)(1) announced in Bailey is not retroactive under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Teague v. Lane does not apply to this case. In Teague v. Lane, the Supreme Court found that a new constitutional rule of criminal procedure should not be applied retroactively to cases on collateral review with two limited exceptions. Teague, 489 U.S. at 305-307, 109 S.Ct. at 1072-73. The Court did so to protect the finality of criminal convictions that were imposed in conformance with "then-existing constitutional standards" as established by prior Supreme Court precedent. Id. at 309-10, 109 S.Ct. at 1074-75. See also Yates v. Aiken, 484 U.S. 211, 216-17, 108 S.Ct. 534, 537-38, 98 L.Ed.2d 546 (1988).
The Bailey decision does not announce a new constitutional rule of criminal procedure. On the contrary, the Bailey decision rests on tenets of statutory construction and announces *684 a reading of § 924(c) which is more narrow than the interpretations of the statute by lower courts. Bailey, ___ U.S. at ___, 116 S.Ct. at 506-508. Because Bailey operates to expose the errors made by lower courts in interpreting the substance of § 924(c), this Court finds that Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974), and not Teague v. Lane, is applicable to Bell's case. See Abreu v. United States, 911 F.Supp. 203, 207 (E.D.Va.1996) (relying on Davis v. United States to apply Bailey retroactively in a § 2255 case).
In Davis, the Supreme Court held that collateral relief from a federal criminal conviction is available under § 2255 when there is an intervening change in the substantive law such that the petitioner's conviction and punishment are for conduct which the law does not criminalize. Davis, 417 U.S. at 346, 94 S.Ct. at 2305. To allow the conviction and punishment to stand "`results in a complete miscarriage of justice' and `present[s] exceptional circumstances' that justify collateral relief under § 2255." Id. at 346-47, 94 S.Ct. at 2305. Teague does not disturb the validity of the Davis decision. See generally United States v. McKie, 73 F.3d 1149, 1153 (D.C.Cir.1996); United States v. Dashney, 52 F.3d 298, 299 (10th Cir.1995); English v. United States, 998 F.2d 609, 613 (8th Cir.), cert. denied, ___ U.S. ___, 114 S.Ct. 573, 126 L.Ed.2d 472 (1993).
The government further argues that even if Bailey may be applied retroactively, Bell cannot bring a claim based on the Bailey decision. The government contends that because the petitioner pled guilty to a violation of § 924(c), he has waived any challenge to the factual basis for the plea. The government is correct that generally a plea of guilty cannot be collaterally attacked because the plea is considered an admission of all the elements of a crime. United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). However, the plea must have been voluntary and knowing to comport with the requirements of the Due Process Clause. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170-71, 22 L.Ed.2d 418 (1969).
A plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. Both Bell and his counsel misunderstood the law such that they believed the facts of this case constituted a crime under § 924(c). Indeed, the government and the Court labored under the same misconception regarding the scope of the statute. The involuntary nature of Bell's plea "constitutes a `fundamental defect' in his conviction which `inherently results in a complete miscarriage of justice.'" Abreu, 911 F.Supp. at 208 (quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). Therefore, the plea in this case is not a bar to collateral review. Hill, 368 U.S. at 428, 82 S.Ct. at 471.
The government also urges that Bell is procedurally barred from raising Bailey as a ground for relief. The Court does not agree. It is true that "[s]ection 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent, a showing of cause and prejudice." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir.1993) (citation omitted).
In this case, it is undisputed that Bell did not challenge the sufficiency of the evidence relating to his conviction on direct appeal; indeed, he did not appeal his original conviction and sentence. Furthermore, Bell did not raise such a challenge in earlier motions filed pursuant to 28 U.S.C. § 2255. However, Bell has shown cause: Bell could not have brought his claim until recently with the announcement of the Supreme Court's Bailey decision. Bell also has shown prejudice: in light of Bailey, the facts underlying his criminal conviction do not constitute a violation of § 924(c)(1) and therefore, in a sense, Bell is "innocent" of the crime to which he pled guilty.
Finally, the government asks this Court, if it grants Bell's motion for relief, to enhance Bell's sentence on the count of possession with the intent to distribute cocaine for firearms possession under U.S.S.G. § 2D1.1(b)(1). The government has not provided this Court with any support for an *685 order resentencing Bell on his prior drug conviction. Therefore, the Court will deny the government's request. Accordingly,
IT IS HEREBY ORDERED that Latham Riley Bell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is granted and that his conviction on one count of using a firearm in violation of 18 U.S.C. § 924(c)(1) is set aside in light of the Supreme Court's recent decision in Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).
IT IS FURTHER ORDERED that Latham Riley Bell be released from the custody of the Bureau of Prisons on or before March 19, 1996. At the time of release, the Court notes that Bell shall be placed on supervised release for a term of three years under the conditions ordered by this Court in its sentence imposed on Bell for violating 21 U.S.C. § 841(a)(1).
IT IS FURTHER ORDERED that all other pending motions are denied as moot.
NOTES
[1] This ground is foreclosed by United States v. Brown, 72 F.3d 96, 97 (8th Cir.1995), in which the Eighth Circuit rejected a Lopez challenge to a § 924(c)(1) conviction based on a § 841(a)(1) drug trafficking offense.