Madeline RODRIGUEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 96 Civ. 2107 (SWK).

United States District Court,
S.D. New York.

June 26, 1996.

Madeline Rodriguez, Alderson, WV, Pro
Se.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this motion brought pursuant to 28
U.S.C. § 2255, petitioner Madeline Rodri-
guez ("Rodriguez") moves to vacate her con-
viction under 18 U.S.C. § 924(c) based on the
Supreme Court's recent decision in *Bailey v.
United States,* —— U.S. ——, 116 S.Ct. 501,

133 L.Ed.2d 472 (1995). Although the Government does not oppose petitioner's motion, it seeks the restoration of the original. indictment or, in the alternative, resentencing on the other count to which Rodriguez pled guilty as part of any relief. For the reasons that follow, the motion to vacate is granted and the Government's motions are denied.

## BACKGROUND

In a second superseding indictment filed in October 1989 in a multi-defendant case, petitioner Rodriguez was charged with (1) one count of conspiracy to violate the narcotics laws of the United States, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846 (Count One); (2) one count of possession. with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count Eleven); and (3) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c) (Count Thirteen).

On May 23, 1990, Rodriguez entered guilty pleas to 21 U.S.C. § 841(b)(1)(B) (a lesser included offense of Count One) and the firearm charge contained in Count Thirteen, pursuant to a plea agreement with the Government (the "Plea Agreement"). On February 13, 1991, the Court sentenced Rodriguez to sixty-three months on the conspiracy count (Count One) and a consecutive sentence of sixty months on the section 924(c) count (Count Thirteen). The Court also imposed a five-year term of supervised release and a special assessment of $100. At that time, on the Government's motion, the Court dismissed all other outstanding charges against Rodriguez as required by the Plea Agreement. Rodriguez subsequently appealed her sentence to the Second Circuit Court of Appeals and later filed a motion to correct her sentence in this Court, pursuant to 28 U.S.C. § 2255, but relief was denied in both instances.

In her current section 2255 petition, Rodriguez moves to vacate the judgment of conviction entered against her on Count Thirteen based on the Supreme Court's decision in *Bailey v. United States*. The Court in *Bailey* held that in order to sustain a conviction

under section 924(c)(1), the Government must prove "*active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey v. United States,* —— U.S. at ——, 116 S.Ct. at 505 (emphasis in original). Although the courts have yet to decide precisely what activity constitutes "active employment," the *Bailey* Court has provided some guidance, noting that "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire" a weapon satisfies section 924(c)(1). *Id.* at ——, 116 S.Ct. at 508.

█ The Government does not oppose petitioner's motion, conceding that the evidence would not support a section 924(c) conviction under *Bailey*. As stated by Rodriguez during her plea allocution:

> On April 30, 1989 I was employed as a bagger in a heroin mill run by the Rivera organization. On that date I was aware that weapons were present on the premises for the protection of the mill. I did not possess any weapons but was aware that there were weapons in the apartment. I was aware that the heroin was in excess of 100 grams that was packaged in the apartment, that the heroin in the apartment would be distributed by the Rivera organization.

Tr. of Plea, dated May 23, 1990, annexed to Gov't's letter to the Hon. Shirley Wohl Kram, dated Mar. 19, 1996, as Exh. "D," at 9–10. During its own summary of the evidence against the defendant, the Government did not offer any indication that it would prove more than the fact that Rodriguez knew that weapons were present and available for use if necessary. *Id.* at 10. As this evidence establishes only the "inert presence of a firearm," a circumstance insufficient to sustain a conviction under section 924(c)(1), *see Bailey v. United States,* —— U.S. at ——, 116 S.Ct. at 508, the parties agree that Count Thirteen must be vacated. The Court now must determine the remedy required as a result of Rodriguez's successful petition.

## DISCUSSION

### I. Procedural Issues

█ Before addressing the Government's contentions, the Court first notes that Rodri-

guez satisfies all of the procedural requirements for bringing the instant section 2255 petition. First, because *Bailey* effected a change in the substantive meaning of a criminal statute, rather than merely establishing a new constitutional rule of criminal procedure, it must be applied retroactively. *United States v. Turner*, 914 F.Supp. 48, 48–50 (W.D.N.Y.1996); *Abreu v. United States*, 911 F.Supp. 203, 206–07 (E.D.Va.1996); *Bell v. United States*, 917 F.Supp. 681, 683–84 (E.D.Mo.1996).

■ In order to bring her claim at this stage, petitioner must also establish cause and prejudice based on her failure to raise the claim earlier. *Billy–Eko v. United States*, 8 F.3d 111, 113–14 (2d Cir.1993). Here, Rodriguez has established good cause for failure to raise this argument, as the new law upon which she relies was not decided until after her conviction became final. *Abreu v. United States*, 911 F.Supp. at 207; *Bell v. United States*, 917 F.Supp. at 684. Rodriguez also has established actual prejudice since a failure to vacate her conviction on Count Thirteen would constitute "a complete miscarriage of justice." *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Because *Bailey* applies to the present case and all procedural requirements are satisfied, petitioner's motion to vacate Count Thirteen is granted.

## II. Reinstatement of Indictment

Although the Government concedes that Count Thirteen should be vacated, it argues that the proper remedy would be to vacate the plea and sentence for both counts to which she pled guilty and restore Counts One and Eleven of the indictment. The Government theorizes that Rodriguez's motion to vacate constitutes a tacit repudiation of the Plea Agreement, and the effect of this repudiation should be to return the parties to their positions prior to the Plea Agreement.

■ The Court begins its analysis by noting that plea agreements are construed according to standard principles of contract law. *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995); *United States v. Salcido–Contreras*, 990 F.2d 51, 52 (2d Cir.), *cert.*

*denied*, 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). Because a plea agreement implicates a defendant's constitutional rights, however, contract principles will not always dictate the outcome of the analysis. *United States v. LaTray*, 739 F.Supp. 88, 95 (N.D.N.Y.1990) (citing *Staten v. Neal*, 880 F.2d 962, 965 (7th Cir.1989); *Cooper v. United States*, 594 F.2d 12, 16–20 (4th Cir.1979)).

■ In the present case, the Plea Agreement required Rodriguez to plead guilty to (1) 21 U.S.C. § 841(b)(1)(B), a lesser included offense of Count One; and (2) the section 924(c) count, in exchange for the dismissal of the remaining charges. The Plea Agreement is silent on whether the defendant would have the right to bring a subsequent collateral attack after sentencing. Rodriguez's decision to bring the present motion thus cannot be termed a breach of any express provision of her contract with the Government. Petitioner promised to plead guilty to two counts and she has fulfilled that obligation.

The Government nonetheless argues that the present motion is a de facto breach of the Plea Agreement in that its effect is to undermine her guilty plea. The Government thus cites *United States v. Liguori*, 430 F.2d 842 (2d Cir.1970), *cert. denied*, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971), for the proposition that the Government may reindict a defendant on counts dismissed pursuant to a plea agreement in the event the defendant successfully challenges a conviction stipulated in that agreement. In *Liguori*, the defendant pled guilty to violating section 4744(a) of the Marihuana Tax Act under a plea agreement which required the Government to dismiss several narcotics trafficking counts. *Id.* at 843. The Supreme Court subsequently decided *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), which held that a defendant's timely assertion of the privilege against self-incrimination is a complete defense to prosecution under section 4744(a). Based on this intervening change in law, Liguori successfully challenged his conviction on a 28 U.S.C. § 2255 motion. *United States v. Liguori*, 430 F.2d at 849. In vacating his conviction, however, the Second Circuit specifically not-

ed that the Government would be entitled to re-indict the defendant on the five dismissed counts. *Id.* at 849 n. 4.

The Court finds *Liguori* to be distinguishable from the present case. In *Liguori*, the defendant was obligated under the plea agreement to allocute to the facts necessary to sustain a conviction under the relevant statute. As a result of the intervening change in law caused by *Leary*, Liguori sought to rely on his initial invocation of the privilege against self-incrimination, thereby rescinding his part of the bargain. Under those circumstances, the Government could not be obligated to fulfill its promises under the agreement. In contrast, Rodriguez has not revoked her promise to admit her knowledge of the presence of firearms at the drug processing site. In other words, unlike Liguori, Rodriguez has not revoked her promise to allocute to the conduct that constituted a criminal violation prior to the change in law.

The Government also relies on *United States v. Reguer*, 901 F.Supp. 525, 529 (E.D.N.Y.1995), where a court permitted the restoration of the original indictment after the defendant successfully challenged his conviction under a plea agreement as a result of an intervening change in law. The court reasoned:

> By successfully moving to vacate his plea, Reguer has breached the agreement; in contract terms, he has revoked his acceptance. As part of the agreement, the government promised to dismiss the other pending charges, and in reliance on the agreement these charges were indeed dismissed. The appropriate remedy for the government, then, would be to treat their motion to reinstate the indictment as essentially a motion to vacate the dismissal of the charges dismissed in 1988. Just as Reguer has voided his plea and the consequences therefrom, so should the government be permitted to void their consent to the dismissal of the pending charges.

*Id.* The circumstances presented in *Reguer*, however, are markedly different from the case before this Court, as there the defendant received a sentence of probation, an order of restitution and a $150,000 fine. Here, in contrast, Rodriguez received a sentence that included 123 months incarceration, more than half of which she already has served. Unlike the defendant in *Reguer* who was able to void the consequences arising out of his plea agreement, Rodriguez has suffered a severe detriment that will not be erased with the vacating of the section 924(c) count.

Indeed, the only court that has addressed the issue presented here refused to restore the original indictment after the petitioner's successful post-*Bailey* section 2255 motion. *See United States v. Gaither*, 926 F.Supp. 50 (M.D.Pa.1996). In *Gaither*, the court rejected the Government's contention that a successful collateral attack constituted a tacit repudiation of the plea agreement, reasoning that (1) the petitioner's failure to seek release would have been a "complete miscarriage of justice"; and (2) even under contract principles, the defendant was excused from performing due to intervening impracticability, namely the intervening change in law. *Id.* at 51–53. The court in *Gaither* explicitly disagreed with the reasoning of *Reguer*, finding that its analysis incorrectly assumed that a successful motion to vacate automatically constitutes a breach of a plea agreement. *Id.* at 51–52.

The Court is also persuaded by the reasoning of the closely analogous decision in *United States v. Youngworth*, No. C–CR–89–81, 1989 WL 129262 (W.D.N.C. Oct. 26, 1989), where a court again rejected the Government's attempt to restore an original indictment after a successful collateral attack. In *Youngworth*, the parties entered into a plea agreement under which the defendant would plead guilty to two counts involving pretrial violations in exchange for the dismissal of two narcotics counts. *Id.* at *7. Subsequently, however, the defendant successfully challenged one of the counts to which he pled guilty, under 28 U.S.C. § 2255, on the ground that that count failed to charge the proper elements of the offense. *Id.* at *8. In response, the Government refiled the two narcotics counts, asserting that the successful section 2255 petition constituted a tacit breach of the plea agreement, thereby absolving the Government of its obligation to dismiss those charges. *Id.* at *9. The Court

rejected the Government's contention, in part because:

> Unlike the situation presented in a case where a defendant attacks a plea bargain before the execution of a sentence, there is no way that the Defendant in this case can be restored to his former position. He has irrevocably paid for his part of the bargain by spending nearly a year in prison. To permit the Government now to renege its part of the plea agreement and reinstitute the heroin charges would enable the Government to enjoy substantial benefits from the plea agreement (the Defendant's incarceration on Count One) and escape its obligation to dismiss the heroin charges.

*Id.* at *10.

Here, as in *Youngworth*, the parties cannot be restored to their positions prior to the plea agreement. The restoration of the former indictment would have the effect of conferring upon the Government the sizable benefit of Rodriguez's incarceration without obligating the Government to provide anything in return, a scenario the Court finds to be impermissible. Accordingly, the Government's motion to restore the original indictment is denied.

### III. Resentencing

The Government argues, in the alternative, that the Court should resentence Rodriguez on Count One based on United States Sentencing Guidelines (the "Guidelines") section 2D1.1(b)(1), which provides for a two-point increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of a narcotics offense.[1] *See* U.S.S.G. § 2D1.1(b)(1). Rodriguez does not oppose the Government's request to increase her offense level on resentencing under this provision, but argues that she also should receive an additional one-point offense level reduction for acceptance of responsibility under the current version of Guidelines section 3E1.1.

After careful consideration, the Court concludes that it does not have jurisdiction to resentence Rodriguez on Count One. In order to modify a prior sentence, a district court must act pursuant to some federal statutory authority. *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir.1996) (citing *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994)). One such statute, 18 U.S.C. § 3582(c), permits a court to modify a sentence in accordance with Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Rules 35(a) and (b), however, pertaining to correction of sentences on remand and based on subsequent substantial assistance, respectively, do not apply to the present case. *See* Fed.R.Crim.P. 35(a) & (b). Rule 35(c), permitting correction of sentence on motion of the Court, similarly provides no statutory basis as that subsection requires any modification to be made within seven days of the imposition of sentence. *See* Fed.R.Crim.P. 35(c).

The other obvious possible jurisdictional basis for resentencing petitioner on the unchallenged counts is 28 U.S.C. § 2255, the statute forming the basis for the present challenge to the section 924(c) conviction. Section 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Under the plain language of this statute, only a "prisoner in custody" may bring a section 2255 motion to modify a sentence. In this case, Rodriguez did not challenge her conviction and sentence on Count One and therefore that count is not before the Court.

---

1. There is no dispute that *Bailey's* construction of the term "use" of a weapon in relation to a drug trafficking crime does not affect the well-established interpretation of "possession" of a weapon. The two-point enhancement was not imposed at sentencing because it would have violated double-counting principles based on Rodriguez's sentence on the section 924(c) count. *See* U.S.S.G. § 2K2.4, Application Note 2.

■ Nonetheless, an argument can be made that Rodriguez's decision to challenge her conviction on Count Thirteen necessarily brings the entire sentencing package before this Court. The flaw in this theory is that in this instance a "federal 'sentence' is *not* general or transactional. It is the *specific* consequence of a *specific* violation of a *specific* federal statute." *United States v. Henry*, 709 F.2d 298, 310 (5th Cir.1983) (plurality opinion) (emphasis in original). In *United States v. Henry*, 709 F.2d at 303, for example, a plurality of the Fifth Circuit Court of Appeals addressed the issue of whether a defendant challenging his sentence on a single count under Federal Rule of Criminal Procedure 35 unwittingly brought within the district court's jurisdiction the other counts for which he was convicted. Holding that the term "sentence" refers to each count separately, the Court rejected the district court's decision to resentence the defendant on the unchallenged counts as those counts were not properly before the court. *Id.* at 317.

The Eleventh Circuit Court of Appeal's decision in *United States v. Rosen*, 764 F.2d 763 (11th Cir.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986), is also instructive. There, the Court reversed one count of a multi-count conviction on direct appeal for resentencing due to the district court's failure to impose a sentence within the statutory maximum. *Id.* at 765. The Court remanded the case for resentencing on all counts based on the fact that the entire sentencing package was on appeal and all formed a part of the same criminal transaction. *Id.* at 766. In so holding, however, the Court distinguished between a collateral attack under Rule 35 or section 2255, and a direct appeal in the case of multi-count convictions:

> With a collateral attack, only a specific sentence on a specific count is before the district court. The narrow scope of review on a collateral attack is almost jurisdictional in nature. The court has power only over what is brought before it. On a direct appeal, however, none of the sentences has become final and the appellate court has all sentences before it.

*Id.* at 766.

In the present case, the Court did not sentence Rodriguez to a general sentence, but rather sentenced the defendant to specific terms of imprisonment on each of the counts to which she pled guilty. Because Rodriguez chose to seek relief on only one of her sentences, the Court must conclude that it does not have jurisdiction on the unchallenged counts for resentencing purposes.

In reaching this conclusion, the Court notes that district courts addressing this issue appear to be fairly evenly divided, and an appellate court has yet to decide whether a successful section 2255 *Bailey* petitioner can be resentenced on other counts. In this decision, however, the Court joins the reasoning of the courts in *Gardiner v. United States*, No. CRIM 4-89-1269(1), 1996 WL 224798, at *1 (D.Minn. May 3, 1996), *Beal v. United States*, 924 F.Supp. 913, 917 (D.Minn. 1996), and *Warner v. United States*, 926 F.Supp. 1387 (E.D.Ark.1996), to the extent those cases hold that the Court is without jurisdiction to resentence under the present circumstances.

The Court respectfully disagrees with the decisions reached in *Pedretti v. United States*, No. 3:96-CV-0146, 1996 WL 340769, at *2 (N.D.N.Y. Apr. 25, 1996), and *Mixon v. United States*, 926 F.Supp. 178, 181-82 (S.D.Ala.1996).[2] In *Pedretti*, the court found

2. Several other courts have resentenced successful *Bailey* section 2255 petitioners employing the two-point enhancement under Guidelines section 2D1.1(b)(1). In each instance, however, either the parties stipulated to the enhancement, *see United States v. Seibert*, Nos. Crim. 91-00324-01 & Civ.A. 96-0851, 1996 WL 221768, at *4 (E.D.Pa. Apr. 26, 1996), or the petitioner did not make any objection, *see Sanabria v. United States*, 916 F.Supp. 106, 115 (D.P.R.1996); *United States v. Williams*, Nos. CIV.A. 96-CV 2806 & CR 90-453-02, 1996 WL 278943, at *1 n. 2 (E.D.Pa.

May 24, 1996), and this may explain why the courts failed to address the issue of jurisdiction. In one other instance, a court applied the two-point adjustment, but based jurisdiction on the fact that the section 2255 petition challenged that resentenced count in addition to the section 924(c) count. *See Alton v. United States*, 928 F.Supp. 885, 887-88 (E.D.Mo.1996). Conversely, in *Bell v. United States*, 917 F.Supp. 681, 684-85 (E.D.Mo.1996), a court denied the Government's motion to resentence using the two-point enhancement, but only because it failed to pro-

an additional basis for jurisdiction in the district court's "inherent authority to implement its interdependent original sentencing intentions," relying upon *McClain v. United States,* 676 F.2d 915 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982), and its progeny. *Pedretti v. United States,* 1996 WL 340769 at \*2.

In *McClain v. United States,* 676 F.2d at 917–18, the Second Circuit addressed whether a successful section 2255 petitioner could be resentenced on unchallenged counts. In *McClain,* the lower court originally had sentenced the defendant to fifteen years on two counts which were merged for sentencing, followed by a ten-year consecutive sentence for violating 18 U.S.C. § 924(c). *Id.* at 916. In light of an intervening change in law, the Court instructed the district court to vacate the section 924(c) count, but rejected the petitioner's argument that the lower court could not impose a different sentence on the other two counts. *Id.* at 917.

In that case, however, the district court was conferred with jurisdiction to resentence on the unchallenged counts as a result of the Court of Appeal's invocation of 28 U.S.C. § 2106, which permits "[t]he Supreme Court or any other court of appellate jurisdiction ... [to] remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. Arguably, *McClain* provides some independent jurisdictional basis where the sentencing court engages in sentence packaging in fashioning a defendant's overall sentence. Under this theory, the collateral attack implicates the "sentence" imposed, which necessarily encompasses the single sentence package imposed by the judge. Indeed, the Second Circuit's decision in *McClain* was based on the fact that the lower court had sentenced the defendant to a " 'package' of twenty-five years" and the vacatur upset the entire sentencing scheme. *Id.* at 916.

Here, however, the Court did not base Rodriguez's sentence for Count One on an overall sentencing scheme, but rather treated each count separately in arriving at an appropriate sentence for each count. In other words, unlike in *McClain,* the Court did not manipulate the individual sentences in order to arrive at an overall sentencing plan. Because the Court does not have jurisdiction over Count One under any federal statute, and because the Court did not engage in sentence packaging in formulating petitioner's original sentence, the Court finds that it is without jurisdiction to resentence petitioner on Count One.[3]

## CONCLUSION

For the aforementioned reasons, it is hereby

ORDERED that Rodriguez's motion, pursuant to 28 U.S.C. § 2255, to vacate her conviction on Count Thirteen of the Indictment is granted and that count is dismissed. It is further

ORDERED that the Government's motion to reinstate the indictment is denied. It is further

ORDERED that the Government's motion for resentencing on Count One is denied. It is further

ORDERED that, in light of the fact that petitioner already has been incarcerated beyond the sentencing term imposed on Count One, the petitioner is to be released from custody forthwith.

SO ORDERED.

vide "any support for an order resentencing [the defendant] on his prior drug conviction."

**3.** The Government's reliance on *United States v. Bermudez,* 82 F.3d 548, 550 (2d Cir.1996), and *United States v. Giraldo,* 80 F.3d 667, 677 (2d Cir.1996), is misplaced, as those cases dealt with the possibility of two-point enhancements under Guidelines section 2D1.1(b)(1) in the context of direct appeals, and thus did address the question of jurisdiction presented here.