**Manuel VASQUEZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 96 Civ. 1075 (PKL),
97 CR. 593 (JMW).**

United States District Court,
S.D. New York.

Oct. 30, 1996.

Manuel Vasquez, Otisville, NY, pro se.

Michael Gertzman, United States Attorney's Office, New York City, for U.S.

Darrell B. Fields, Legal Aid Society, New York City, for Manuel Vasquez.

### ORDER

LEISURE, District Judge:

Before the Court is petitioner Manuel Vasquez's motion pursuant to 28 U.S.C. § 2255 to vacate his 60–month sentence imposed following a conviction under 18 U.S.C. § 924(c). The petition to vacate is based on the Supreme Court's recent decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Government does not oppose the motion, but it seeks resentencing on the remaining counts to which Vasquez pleaded guilty. For the reasons set forth below, the motion to vacate is granted and the Government's motion to resentence is denied.

### BACKGROUND

On April 25, 1988, Manuel Vasquez pleaded guilty on four counts: (1) conspiracy to distribute or to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 ("Count One"); (2) distribution and possession with intent to distribute over 100 grams of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B) ("Count Six"); (3) possession with intent to distribute approximately 215 grams of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B) ("Count Seven"); and (4) use and carrying of a firearm during and in relation to the offenses charged in Counts One and Seven, in violation of 18 U.S.C. § 924(c) ("Count Fifteen").

On September 19, 1988,[1] the Court sentenced Vasquez to 20 years on Count One. Vasquez was sentenced to 10 years on Count Six followed by 4 years of supervised release. He was sentenced to 10 years on Count Seven followed by 4 years of supervised release. Counts Six and Seven were to run concurrently with each other and with Count One. Finally, Vasquez was sentenced to a consecutive term of five years on Count Fifteen to commence upon completion of all other sentences. Tr. at 12. Vasquez has since served his sentence under Counts Six and Seven,[2] and has been paroled on Count One. He is now serving his sentence on Count Fifteen for his conviction under § 924(c).

## DISCUSSION

Vasquez challenges his § 924(c) conviction based on the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Supreme Court in *Bailey* unanimously held that in order to support a conviction under § 924(c), the Government must prove that the defendant "actively employed the firearm during and in relation to the predicate crime." *Id.* at ——, 116 S.Ct. at 509. The Court explained that activities such as "brandishing, displaying, bartering, striking with, and ... firing or attempting to fire, a firearm," constitute active employment. *Id.* at ——, 116 S.Ct. at 508. However, the "conceal[ment] of a gun nearby to be at the ready for an imminent confrontation" does not satisfy the active employment requirement of § 924(c). *Id.* The government moves the Court, if it grants Vasquez's motion, to resentence Vasquez as to the other counts on which he pleaded guilty.

### I. *Motion to Vacate*

■ The Government does not oppose petitioner's motion to vacate the sentence. However, before acting on the petition, the Court must determine first whether the rule announced in *Bailey* applies retroactively on collateral review and second whether petitioner's claim is procedurally barred due to his failure to raise it on direct review. In *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), the Supreme Court held that collateral relief under § 2255 is appropriate when there has been an intervening change in the substantive criminal law that makes it clear that the petitioner's conviction is based on conduct which is no longer regarded as criminal. *See Warner v. United States*, 926 F.Supp. 1387, 1391 (E.D.Ark. 1996) (citing *Davis*, 417 U.S. at 345–47, 94 S.Ct. at 2304–06). Accordingly, retroactive application of *Bailey* is justified in this case because Vasquez's conviction was based on conduct which the law no longer recognizes as criminal. *See id.; Rodriguez v. United States*, 933 F.Supp. 279, 281 (S.D.N.Y.1996); *United States v. Turner*, 914 F.Supp. 48, 49–50 (W.D.N.Y.1996); *Abreu v. United States*, 911 F.Supp. 203, 206–07 (E.D.Va.1996).

■ Further, "[i]t is well-settled that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause and prejudice resulting therefrom." *Billy–Eko v. United States*, 8 F.3d 111, 113–14 (2d Cir. 1993). Petitioner has satisfied the cause and prejudice standard in this case because (1) he could not have raised the *Bailey* claim on direct review due to the fact that *Bailey* was not decided until after his conviction became final; and (2) "a failure to vacate [his § 924(c) sentence] would result in 'a complete miscarriage of justice.'" *Rodriguez*, 933 F.Supp. at 281 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

■ Having concluded that a *Bailey* challenge is not procedurally barred, the Court moves to the merits of the claim. The Government concedes, and the Court agrees, that in light of *Bailey*, there is insufficient evidence to support Vasquez's conviction under § 924(c). The evidence merely indicated that the firearm in this transaction was pres-

---

1. Because Vasquez committed the criminal acts prior to November 1, 1987, the Federal Sentencing Guidelines were not applicable.

2. Vasquez was released on Counts Six and Seven prior to the expiration of the 10 year terms due to credit for good conduct.

ent in the apartment, and did not demonstrate that Vasquez either used or carried a firearm during the course of the predicate offense. The Court, therefore, agrees with both Vasquez and the Government that the conviction on Count Fifteen cannot stand.

## II. *Motion for Resentencing*

■ The Government moves this Court to vacate the sentences on the related counts that are not the subject of Vasquez's petition and order resentencing on those counts. The petitioner argues that this Court lacks jurisdiction to resentence him on the counts that he has not challenged in the instant collateral attack. In the circumstances of this case, the sentences under Counts One, Six, and Seven are not brought before the Court by Vasquez's petition, and this Court therefore lacks jurisdiction to resentence on the related charges.

■ A court cannot order resentencing without some grant of federal statutory authority. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996) (citing *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994)). Cases addressing the question of jurisdiction to resentence have noted that 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255 are possible sources of such statutory authority. *See, e.g., Rodriguez*, 933 F.Supp. at 281. Under 18 U.S.C. § 3582(c), a court may modify a sentence in accordance with Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 provides for a correction or modification of sentence either on remand from the Court of Appeals; on motion by the Government to reduce the sentence for substantial assistance; or on motion by the Court within seven days of the imposition of the sentence to correct technical errors. *See* Fed. R.Crim.P. 35. None of these circumstances are presented in the instant petition.

The other possible statutory basis for resentencing the petitioner on the unchallenged counts is 28 U.S.C. § 2255, which provides, in relevant part, that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming ... that the sentence ... [is] subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Some district courts have held that when a prisoner challenges the sentence under one count of a multi-count conviction, he places before the court the sentences under all of the counts. *See, e.g., Merritt v. United States*, 930 F.Supp. 1109, 1113–14 (E.D.N.C. 1996). By viewing a petition as to one count as a challenge to the sentences under all of the counts, the court could interpret § 2255 to give jurisdiction to "correct the sentence" with respect to the unchallenged counts.

However, other courts—including at least one in this District—have held that the sentencing court "has jurisdiction under § 2255 to vacate or correct only the specific sentence challenged by the movant." *Dossett v. United States*, 931 F.Supp. 686, 687 (D.S.D.1996); *accord, Rodriguez*, 933 F.Supp. at 284; *Warner*, 926 F.Supp. at 1398; *Gardiner v. United States*, No.Crim. 4–89–1269(1), 1996 WL 224798 at *1 (D.Minn. May 3, 1996); *Beal v. United States*, 924 F.Supp. 913, 917 (D.Minn. 1996). The reasoning in *Rodriguez* is instructive in this case.

In *Rodriguez*, the Court turned first to *United States v. Rosen*, 764 F.2d 763 (11th Cir.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986), which distinguished between direct review and collateral review in the following manner:

> With a collateral attack, only a specific sentence on a specific count is before the district court. The narrow scope of review on collateral attack is almost jurisdictional in nature. The court has power only over what is brought before it. On direct appeal, however, none of the sentences has become final and the appellate court has all sentences before it.

*See Rodriguez*, 933 F.Supp. at 284 (quoting *Rosen*, 764 F.2d at 766). The Court then distinguished the *Rodriguez* case from the situation in *McClain v. United States*, 676 F.2d 915 (2d Cir.), *cert. denied*, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982), in which the Court of Appeals for the Second Circuit held that the lower court could resentence as to other counts after vacating the single, challenged sentence. In *McClain*, the lower court had originally sentenced the petitioner to a " ' "package" of twenty-five years' and

the vacatur upset the entire sentencing scheme." *Rodriguez*, 933 F.Supp. at 285 (quoting *McClain*, 676 F.2d at 916). By contrast, Rodriguez had not been sentenced "to a general sentence, but rather ... to specific terms of imprisonment on each of the counts." *Id.* at 284. Each count was considered separately in arriving at each individual sentence, and therefore the challenge as to one count did not upset an overall sentencing scheme or package.

In the present case, Vasquez only challenged the § 924(c) sentence; the remaining counts are not before this Court. Like the situation in *Rodriguez* and unlike that in *McClain*, there is no indication in the sentencing transcript that the Court was involved in sentence packaging. In discussing the factors that influenced sentencing, the Court only stated that, because the defendant pleaded guilty to his crimes, it would not sentence him to as harsh a penalty as someone who did not plead guilty or show remorse. Tr. at 11. It does not appear that the sentences on the individual counts were interdependent, and therefore the vacating of one sentence leaves the other sentences unaffected.

Moreover, because Vasquez—unlike the petitioner in *Rodriguez*—was not sentenced under the Federal Sentencing Guidelines, the instant petition presents an even stronger case against treating the sentences imposed on the separate counts as interdependent. In a case involving the Guidelines, there might be more reason for a court to treat the sentences on related counts as interdependent parts of a "package" because the related sentences would arguably have been influenced by a conviction or lack of conviction under § 924(c). Under the Guidelines, a court can impose a two-point enhancement for weapons possession. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). However, the enhancement cannot be imposed if the same weapons possession is the basis of a conviction under § 924(c). *See id.* § 2K2.4 Application Note 2. Thus, it is arguable that a Guidelines sentence on any count related to a § 924(c) conviction *could have been* enhanced under the Guidelines if the Government had opted to forgo prosecution under § 924(c) in favor of seeking enhancement at sentencing. The sentences on the related count could thus be seen as dependent upon the choice to prosecute under § 924(c), and—because the availability of that option, in light of *Bailey*, is the subject of the collateral attack—it is arguable that the unenhanced sentences are also brought before the court by a petition challenging the § 924(c) sentence.

The instant petition does not present this problem, however, because Vasquez's sentence was imposed before the advent of the Guidelines. Accordingly, this Court notes that the instant holding is a limited one, and reserves judgment on the question whether a court has jurisdiction to resentence when the original sentence was imposed pursuant to the Guidelines.

## CONCLUSION

For the reasons stated above, petitioner's motion pursuant to 28 U.S.C. § 2255, to vacate his conviction on Count Fifteen under 18 U.S.C. § 924(c) is HEREBY GRANTED. The Government's motion for resentencing on the related Counts Six and Seven is HEREBY DENIED.

In light of the fact that petitioner already has been incarcerated beyond the sentencing terms imposed on Counts One, Six and Seven, it is HEREBY ORDERED that the petitioner be released from custody forthwith.

Petitioner has also recently filed a motion for release pending determination of the instant application. In light of the above holdings, petitioner's motion is HEREBY DENIED as moot.

SO ORDERED.